## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FLOYD MANZANARES,

        Plaintiff,

vs.                                         Civ. No. 02-0964 MV/WDS ACE

GENERAL MILLS OPERATIONS,
INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File

First Amended Complaint, filed March 26, 2003, **[Doc. No. 17]**.  The Court, having

considered the motion, response, reply, relevant law, and being otherwise fully informed,

finds that the motion is well-taken and will be **GRANTED.**

### FACTUAL BACKGROUND

Plaintiff commenced this action on August 6, 2002 by filing a complaint alleging

that Defendant discriminated against Plaintiff on the basis of disability and retaliated

against Plaintiff in violation of Title VII and the Americans with Disabilities Act.  Plaintiff

now moves to amend his complaint to add new claims of race and national origin

discrimination and new facts regarding disability discrimination and retaliation that

occurred from November 13, 2001 through July 3, 2002.

On December 13, 2001, Plaintiff filed a charge of discrimination with the New

Mexico Human Rights Division of the Equal Employment Opportunities Commission

("EEOC").  The charge set forth allegations of disability discrimination and retaliation.

Plaintiff received a right to sue letter based on this charge on May 8, 2002.  On August 6,

2002, Plaintiff filed his "Complaint for Retaliation and Disability Discrimination" in this

Court.

Plaintiff filed a second charge of discrimination with the EEOC on

November 6, 2002.  The second charge included allegations of race and national origin

discrimination, as well as further allegations of disability discrimination and retaliation that

occurred after Plaintiff filed the first charge of discrimination.  Plaintiff received a right to

sue letter on the second charge of discrimination on November 21, 2002.

The parties filed a Provisional Discovery Plan that set February 1, 2003 as the

pleadings amendment deadline.  On February 3, 2003, this Court entered an Initial     Pre-

Trial Report, which did not establish a specific cutoff for filing a motion to amend the

complaint, but did state that pretrial motions, other than discovery motions, must be filed

by July 24, 2003.  On March 26, 2003, Plaintiff filed this motion to amend his complaint

to add race and national origin claims and further allegations of disability discrimination

and retaliation occurring between November 13, 2001 and July 3, 2002.

A pretrial conference is scheduled for February 17, 2004 and a five-day bench trial

is scheduled to commence on March 15, 2004.

## DISCUSSION

Under Rule 15 of the Federal Rules Of Civil Procedure, leave to file an amended

complaint is within the discretion of the Court and shall be freely given.  Fed. R. Civ.

P. 15.  Absent an apparent reason to refuse leave to amend, such as undue delay, bad faith,

2

dilatory motive, repeated failure to cure deficiencies through amendment, prejudice to an opposing party, or futility of amendment, a party should be given leave to amend. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.     Futility of Amendment

Defendant first argues that leave should not be given because the claims Plaintiff seeks to amend are time-barred.  Under 42 U.S.C. § 2000e-5(f)(1) a party must bring a civil action under Title VII within ninety days of receipt of the applicable notice of right to sue letter.  Plaintiff received his right to sue letter based on his second charge of discrimination with the EEOC on November 21, 2002.  Plaintiff did not attempt to add the allegations contained in his second charge of discrimination within ninety days of receipt of the second notice of right to sue letter.  The ninety-day period elapsed on February 19, 2003, and Plaintiff moved to amend his complaint on March 26, 2003.

Plaintiff argues that the failure to add the new claims within ninety days of the receipt of the second right to sue letter is of no consequence because the new claims "relate back" to the date of the original complaint, which was filed before the second charge of discrimination was even submitted to the EEOC.

Generally, an amendment to a complaint relates back to the date of the original complaint when "the claim or defense asserted in the amended [complaint] arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint] . . . ."  Fed. R. Civ. P. 15(c)(2).  As a result, when a plaintiff files a complaint commencing a civil action within ninety days of receipt of a right to sue letter but later has to amend that complaint, the amended complaint can relate back to the date the original

3

complaint was filed, thereby making the amended claims timely-filed for the purposes of
42 U.S.C. § 2000e-5(f)(1).  *See Kaup v. First Bank System, Inc.*, 926 F. Supp. 155, 158
(D. Colo. 1996)  ("Where additions in a proposed amended complaint arise out of the
same conduct or occurrence as the original complaint, the amended complaint "relates
back" to the original complaint for the purposes of Title VII's 90-day limitations period.");
*see also McClellon v. Lone Star Gas Co.*, 66 F.3d 98 (5th Cir. 1995) (finding that
complaint filed more than ninety days after receipt of right to sue, but that related back to
original complaint that was filed within ninety days of receipt of right to sue letter, was
timely filed).  This analysis applies even where the amended claims are based on conduct
that occurred during the pendency of the EEOC charge or even after the right to sue letter
has been issued.  *See Brown v. Hartshorne Public School Dist. # 1,* 864 F.2d 680, 682
(10th Cir.1988) (holding that, if reasonably related to the charge and original complaint,
an amendment may include new acts occurring during the pendency of the administrative
charge); *Kaup*, 926 F. Supp. 155 (holding that a plaintiff could amend complaint to add
related allegations regarding conduct occurring after original EEOC charge resolved);  *see
also Aramburu v. Boeing Co.,* 112 F.3d 1398, 1409 (10th Cir. 1997) (suit may include
allegations of discrimination reasonably related to the allegations listed in the
administrative charge, including new acts occurring during the pendency of the
administrative charge).

     The determining question, therefore, when a Title VII plaintiff attempts to amend a
complaint more than ninety days after the receipt of a second or subsequent right to sue
letter, is whether the claims asserted in the amended complaint arise out of the same

conduct, transaction, or occurrence set forth in the original complaint and original charge.
Here, the question is complicated by Plaintiff's filing of a second EEOC charge and failing
to add the new allegations within ninety days of receiving that charge.

The Court concludes that the filing of a subsequent EEOC charge does not
preclude a plaintiff from asserting that the allegations in the subsequent EEOC charge
relate back to the original charge and complaint.  This conclusion is not contrary to the
recent Supreme Court and Tenth Circuit holdings requiring exhaustion of all claims
involving discrete employment actions.  *National R.R. Passenger Corp. v. Morgan*, 536
U.S. 101, 113 (2002); *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003).
Unlike the facts addressed in those cases, here Plaintiff filed a second EEOC charge,
thereby putting the employer on notice of the subsequent allegations before the
commencement of judicial proceeding and allowing the possibility of internal resolution
before litigation.

Accordingly, the Court holds that any of the allegations and claims that Plaintiff
seeks to add through his amendment are not time-barred if they arose out of the conduct,
transaction, or occurrence set forth or attempted to be set forth in the Plaintiff's original
complaint.

Plaintiff's new allegations of disability discrimination and retaliation arise out of
the same conduct as set forth in the original complaint.  The new allegations involve a
continuation of the same conduct at issue in the first charge, but simply cover a time
period after the filing of the first charge of discrimination.  Accordingly, the Court finds
that the allegations of disability discrimination and retaliation are not time-barred by

5

42 U.S.C. § 2000e-5(f)(1).

Plaintiff's allegations of race and national origin discrimination are based on precisely the same facts that formed the basis of his claim of disability discrimination. It is easily found, therefore, that Plaintiff's claims of race and national origin discrimination arise out of the same conduct, transactions, and occurrences of his original claims of disability discrimination. Accordingly, Plaintiff's new claims of race and national origin discrimination relate back to the original complaint and charge and are not time-barred.

### B.     Prejudice to Defendant

Defendant also argues that Plaintiffs' motion to amend should be denied because Plaintiff was dilatory in seeking leave to file the amended complaint. Although Plaintiff did not file the motion to amend within the time period set forth in the parties' provisional discovery plan, Plaintiff did file the motion within the time this Court set for filing pretrial motions.

The Court finds the timing of Plaintiff's motion to amend the complaint would not have caused any prejudice to Defendant. The motion was filed with over two months remaining for discovery—ample time to conduct discovery on these allegations that are closely related to the original claims. The Court finds that granting the motion to amend will not cause prejudice to the Defendant.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint, filed March 26, 2003, **[Doc. No. 17]** is hereby **GRANTED**. Plaintiff has ten days from the date of this Order to file Plaintiff's First Amended Complaint for Retaliation and Race, National Origin and Disability Discrimination.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, filed August 11, 2003, **[Doc. No. 42]** is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the pretrial conference scheduled for February 17, 2004, and the trial scheduled for March 15, 2004, are vacated.

Dated this 26th day of January, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
        David S. Proffit, Esq.

Attorney for Defendant:
        Agnes Fuentevilla Padilla, Esq.